## No. 16,995.

### VANCE *v.* VANCE.
(261 P. [2d] 711)

Decided September 21, 1953.   Rehearing denied October 13, 1953.

Mr. ISSAC MELLMAN, Mr. GERALD N. MELLMAN, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY, ZARLENGO & DWYER, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE writ of error issued in this cause involves a review of a judgment of dismissal of motion to set aside an interlocutory decree of divorce. George C. Vance and

Anne C. Vance were married December 29, 1949 in New York City. They returned to, and established a residence in, Denver and lived together approximately six months, when a separation occurred on July 1, 1950. Soon thereafter, George C. Vance, who will be referred to herein as plaintiff, filed an action for divorce on the ground of cruelty committed in Colorado. Defendant answered in denial of the cruelty charge and in a counterclaim alleged abandonment without cause and prayed for a decree of separate maintenance. On trial to a jury, lasting several days, defendant Anne C. Vance was found not guilty of mental cruelty and plaintiff George C. Vance was found not guilty of abandonment without just cause. Defendant Anne C. Vance filed motion to set aside the verdict against her and prayed for decree of separate maintenance notwithstanding the verdict. This motion was sustained; the verdict of the jury finding that the husband was not guilty of abandonment without just cause was set aside; a decree of separate maintenance was granted to Anne C. Vance; and, pending hearing on division of property and support, alimony of $305 per month was continued in full force and effect. A hearing on division of property and support soon followed and at the end of a lengthy hearing, a decree of separate maintenance was entered; the court stating in its decree that the hearing was a "final determination of all issues in this action;" that there should be a disposition of property and order of support for defendant Anne C. Vance; and thereupon entered its orders for attorney's fee and alimony payments.

Following the entry of the above maintenance orders, plaintiff George C. Vance filed a motion to modify the decree by terminating the maintenance on the ground that since the entry thereof, defendant Anne C. Vance had been guilty of serious misconduct. A hearing was had on this petition before the Honorable Robert W. Steele commencing on June 4, 1952 and terminating on June 9, 1952. At this hearing the testimony revealed

many acts of misconduct on the part of defendant after the entry of the separate maintenance decree. The general tenor of the evidence was such that we cannot conceive of any court not finding her guilty of such misconduct as would constitute cruelty as referred to in our statutory grounds for divorce. It is wholly unnecessary to detail this testimony, thereby avoiding additional unpleasant reflection on defendant. Suffice it to say that after days of such testimony, the court ruled that by this misconduct she had forfeited the right to further maintenance from plaintiff. At the time of this hearing a divorce suit filed by the husband was pending before the Honorable William A. Black in another division of the district court. Upon the developments in the hearing to set aside the separate maintenance orders, the then counsel for defendant in the divorce case and in the maintenance hearing stipulated with counsel for plaintiff to the effect that the divorce case be transferred from Judge Black's division to that of Judge Steele, and that the testimony received by Judge Steele in the separate maintenance hearing be considered by him as testimony in support of the ground of cruelty alleged in the divorce petition. Accordingly the cause came on for hearing before Judge Steele as a noncontested divorce action, the defendant having filed no answer, and her counsel stating to the court that the matter could proceed as a noncontested divorce. The court so considered the testimony and entered an interlocutory decree of divorce for plaintiff on June 13, 1952.

On September 2, 1952, defendant, through her present counsel, filed a motion to set aside the interlocutory decree of divorce. Testimony of several witnesses was taken in support of, and in opposition to, the motion, and on September 9, 1952, the motion was overruled. Motion for rehearing was dispensed with and the matter was in due course presented to this court. The record before us contains all of the testimony presented at the hearing to terminate the separate maintenance.

Counsel for defendant, now plaintiff in error, contends that the trial court erred in overruling the motion to vacate and set aside the interlocutory decree, generally on the ground that an interlocutory decree in divorce cannot be granted without the presentation of any evidence; that the parties cannot stipulate that the testimony in another case be considered as evidence sufficient for the entry of a decree of divorce; and that there was insufficient evidence to warrant a decree of divorce.

On the latter contention, it is our opinion, which is in accord with that of the trial court, that the testimony relating to the misconduct as a wife after the orders for separate maintenance were entered, is overwhelming in its effect as constituting mental cruelty, which under our divorce law is recognized as a ground for divorce. This leaves the principal remaining question of whether or not the stipulation herein referred to can be recognized in a divorce case where the testimony in a separate maintenance case may be substituted for, as we will say, reiteration of evidence from the stand in the divorce case. It appears from the record that defendant was represented by able and careful counsel, who protected her rights at all stages of the litigation in this unfortunate affair, and after the developments in the hearing on the separate maintenance motion, fully advised defendant, not only by correspondence, but in person, as he so testified at the divorce hearing. There can be no doubt but what his client was fully advised of all her rights, and was timely advised to the effect that she likely had no defense in the divorce matter, and that it was better that she permit plaintiff to proceed with the noncontested divorce action and have the entire matter over with, to which she consented and gave her written permission for her counsel to so appear and represent her accordingly; therefore weight is not to be given to her allegation in the motion to set aside the interlocutory decree to the effect that she did not know what was going on, and that she did not understand that

the question of property rights had been formerly determined. It is to be borne in mind that the stipulation was to the effect that the testimony was to be considered by the trial court as evidence in the divorce matter. This was not binding upon the trial court, because it was not bound to such a consideration; however, the trial court was the one who patiently listened to the unsavory and salacious revelations of defendant's conduct. The trial court could rightfully receive in evidence the record of such testimony when it directly related to the persons and the time involved and give it whatever weight was due the occasion. This situation about a stipulation is not to be confused with the suggestion that parties to a divorce matter can stipulate that a divorce be granted and such stipulation find any acceptance or approval in the law. The situation here is where the stipulation was only to the effect that the trial court could consider the evidence. We see nothing irregular or out of order in the entire proceeding, and surely there is nothing in the record that even has a suggestion of a fraud having been perpetrated upon defendant in the procuring of the interlocutory decree. The proceedings being regular, and the court having jurisdiction of the parties and the subject matter, it acted without error and the judgment is affirmed.